Seawell, J.
delivered the opinion of the Court.
This action was originally brought against Knox, the ancestor, in trespass quare clausum fregit pending the action, he died, and the defendants, his heirs, were brought in by sci. fa. The heirs relied upon the pleas already pleaded, and the cause remained in that situation until the accumulation of much costs, when the sci. fa. was dismissed by the Court, upon the defendants’ motion, the legality of which motion has been sanctioned by this Court; and the question now presented, is, what costs are the defendants entitled to recover ?
It is contended, for the defendants, that, under the act of 1777, they are entitled to all the costs accrued upon the sci. fa. as that act, in express terms, declares, that the party shall recover costs upon a dismission.
It is material to observe, that in legal parlance, the term “ dismission,” exclusively applies to the practice in Courts of Equity ; and that the act of 1777 has, in no instance, authorised the Courts of Law to dismiss a suit. But it is quite certain, that it has long been practised in the Courts of Law in this State, for the plaintiff to dismiss his suit, as a kind of substitute for a discontinuance. This mode of practice, no doubt, existed before the year 1777 ; and it seems natural to conclude, that in framing a Statute to regulate the practice under the new government, those intrusted with that duty would regulate themselves, in some degree, by the *522 practice before pursued, which, in all probability, was then as respects the use of a dismission, as it is at the present time.
If, therefore, the dismission in use, in the year 1777, was an act of the plaintiff, and not of the Court, it seems clear this was not such a one as was contemplated by the act.
It has, however, been contended, that if defendants had pleaded in abatement, they would, upon the abatement of the suit, been entitled to costs ; and that the office of a plea is only to inform the Court of what does not otherwise appear. This is true, and only proves there was a mode of proceeding by which the defendant might have had costs. But, suppose no motion for dismission had ever been made, and the cause had travelled to a verdict for the plaintiff and the judgment had been arrested, as it inevitably must, could the defendants then have had costs ? If, therefore, the defendants have not availed themselves of pleading in abatement, but, after considerable delay by which heavy costs have accrued, prevailed upon the Court to exercise the extraordinary mode of dismission, they certainly cannot be in a better situation than if the cause had proceeded to a final hearing, and the judgment arrested, in which case neither party can recover costs. To prove that a party, by his irregularity, may deprive himself of costs, several cases were cited in the argument, by defendant’s counsel.
Wherefore, as there is no judgment for either party, we are all of opinion that neither can recover his costs.